IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**EDDIE WEBB**
**ADC #108350**                                                        PLAINTIFF

v.                            No. 3:22-cv-146-DPM

**BLAINE MCCLUNG, Officer,**
**Corning Police Department**                                          DEFENDANT

## ORDER

1.  The Court screened Webb's complaint and determined that he sufficiently pleaded Fourth Amendment claim against Officer McClung. *Doc. 3*. Officer McClung now moves to dismiss.

2.  Webb says Officer McClung unlawfully searched his phone. He acknowledges—and a public record search confirms—that in June 2022, he pleaded guilty to the unlawful use of a communication device arising from this incident and was sentenced to 96 months incarceration. *State v. Webb*, 11CCR-20-62 (Corning District Court). Officer McClung argues that judgment Webb's favor would necessarily imply the invalidity of that conviction, meaning the case should be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

3.  The Court cannot, on the present record, find that Webb's claims are *Heck*-barred. *Heck*, 512 U.S. at 487 n.7; *Cooney v. Arkansas*, 2022 WL 288143, at *1 (8th Cir. 2022) (unpublished *per curiam*). Some aspects of the case are limited by *Heck*. Webb, for example,

cannot recover damages for "the injury of being convicted and imprisoned." *Heck*, 512 U.S. at 487 n.7. But he seeks damages for the alleged invasion of his privacy. *Compare Hamner v. Mannis*, 2022 WL 17833181, at *1 (E.D. Ark. 21 December 2022); *Kaczmarek v. Butler*, 2023 WL 2319309, at *6 (W.D. Ark. 11 January 2023), *report and recommendation adopted*, 2023 WL 2317786 (W.D. Ark. 1 March 2023). A judgment in his favor on his privacy claim would not necessarily imply the invalidity of his conviction. He also seeks damages related to his pre-plea incarceration. It is a closer question whether any such damages are recoverable so long as Webb's conviction stands—a question the Court leaves for another day on a more complete record. *Parker v. Matthews*, 2003 WL 21976505 (8th Cir. 2003) (unpublished *per curiam*). For now, Webb may therefore proceed with his wrongful-search claim against McClung.

\* \* \*

Motion to dismiss, *Doc. 8*, denied without prejudice. Motion to stay discovery, *Doc. 14*, also denied. An Initial Scheduling Order will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 March 2023